## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRAVIS RICHARDSON**<br>5518 Keyworth Court<br>Capitol Heights, MD 20743<br><br>Plaintiff,<br>v.<br><br>**ROBERT A. McDONALD**,<br>Secretary of Veterans Affairs,<br>U.S. Department of Veterans Affairs<br>810 Vermont Avenue, N.W.<br>Washington, D.C.  20420,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

## COMPLAINT
(Employment Discrimination)

## INTRODUCTION

1.      Plaintiff, Travis Richardson, brings this action to redress unlawful employment

discrimination perpetrated against her by the United States Department of Veterans Affairs in

violation of the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 701 *et seq*., when her

Department of Veteran's Affairs managers discriminated against her based upon her disabilities

by failing to accomodate her know disabilities.

## JURISDICTION

2.      This Court has jurisdiction over the subject matter of this civil action pursuant to

29 U.S.C. §§ 701 *et seq.*, Rehabilitation Act of 1973.  Subject matter jurisdiction is also pursuant

to 28 U.S.C. § 1331, as this action arises under the laws of the United States, thereby presenting a federal question.

## VENUE

3.      Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred, and the Defendant is located, has offices, and conducts business in this District, and Plaintiff was assigned to work in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      All of the necessary administrative prerequisites for filing the above referenced claims have been met, as the agency issued a Final Agency Decision on August 18, 2016.

## PARTIES

5.      Plaintiff, Travis Richardson is a citizen of the United States and is a disabled employee of the Department of Veterans Affairs as a GS-13 Program Specialist in the Chief Business Office Purchase Care.  She suffers from Marfan Syndrome, a cardiovascular disorder, that is permanent.  Plaintiff's medical condition limits her ability to lift, push or pull,  walk and stand for long periods.  Her medical condition also results in her occasionally feeling tired and fatigued very easily.  When she experiences a severe exacerbation, Plaintiff needs to refrain from physical activity until her symptoms subside.

6.      Defendant, Robert A. McDonald is the Secretary of Veterans Affairs and head of United States Veterans Affairs Department (VA).  Mr. McDonald is named as Defendant in this action in his official capacity as head of the Department of Veterans Affairs.

## STATEMENT OF FACTS

7.      At all times relevant to this complaint, Plaintiff Travis A. Richardson, was a GS-

13, Program Specialist at the Chief Business Office Purchase Care, Washington, DC.   Plaintiff

is disabled as a result of Marfan Syndrome and a cardiovascular disorder. She was born with

Marfan Syndrome which is a genetic disorder. She was diagnosed when she was 5-years old and

the condition will last her lifetime.  Plaintiff's disability limits her normal life functions of

housekeeping, yardwork, walking, lifting heavy objects, pushing and pulling heavy objects and

standing for long periods of time affecting her everyday living and quality of life.  She cannot do

her own grocery shopping, take out the trash and sometimes even just walk.

8.      At all times relevant to this complaint, Plaintiff's first line supervisor was Lisa

Brown, Chief of the Policy Management Department which reports under the Program

Administration Directorate under the Chief Business Office, Purchase Care.   Ms. Brown worked

for Joseph Duran, Deputy Director of Administration, VA Health Administration Center.  Both

Ms. Brown and Mr. Duran were aware of Plaintiff's disabilities and physical limitations.

9.      At all times relevant to this complaint, Plaintiff managed the Veterans Health

Administration (VHA) appeals process, coordinating the VHA appeals process and providing

review for accuracy and completeness.  Her duties required her to lift medical files, pulling and

pushing them on carts, and to follow up on requests that are needed to process medical appeals.

She attended regular meetings and participated in work groups for policies dealing with

procedure guides and directives to enhance the services for the veterans for the appeals program.

She responded to questions from agency website, maintains databases, responded to telephone

calls and e-mails.  Plaintiff was also responsible for developing standard operating procedures

and generating metric reports.  She also conducted training for other VA employees and worked
on special projects as assigned.

10.    Plaintiff's doctor has restricted her from performing some duties of her job to
include no heavy lifting, pushing or pulling of heavy objects, no standing for long periods of
time and no long periods of walking.  These restrictions are permanent restrictions.  It was
recommended that she be allowed to work one or two days per week from home to increase her
quality of life because it was declining on a daily basis.  Plaintiff takes medications related to her
disability that controls her blood pressure.  This requires her to monitor her blood pressure  but
does not have any side effects that affect her duties.

11.    Plaintiff requested a reasonable accommodation from her supervisor,  Lisa
Brown, in November 2013. She requested a cart and permission to telework one day per week.
Plaintiff provided medical documentation to support her reasonable accommodation request.
These accommodations would assist Plaintiff in her job because she gets tired very easily and the
days that she teleworked would give her a break period from the physical demands of a normal
day's duties as well as the stress of commuting.  Robert Cockrell, the Local Reasonable
Accommodation Coordinator in the Workforce Management Office followed up with Mr. Duran
who indicated he wanted to discuss the possibility of one day of telework a week with Plaintiff's
supervisor.   Plaintiff's Supervisor, Ms. Brown, told Mr. Duran that she had an open GS-12
position that would allow for full-time telework from home.  She provided this opportunity to
Mr. Duran.  However, Mr. Duran stated that he had determined that "there was not anything the
employee could do to telework one day per week."

12.    Mr. Cockrell subsequently asked Plaintiff to provide him a list of what work she
believed she could do one day a week from home allowing her to telework without having any

confidential information at home. Plaintiff provided the requested information to Mr. Cockrell who then forwarded it to Mr. Duran.  After Mr. Cockrell forwarded the list to Mr. Duran, he noted, "it was just a kind of a seesaw effect after that. I would recommend trying to- while I was putting my recommendations in for the telework and - but it was to no avail. And that was just the way it was for the longest time."

13.    Mr. Duran attributed his decisions to concerns about the confidentiality of VA records.  However, he made no effort to explore an avenue that could maintain the confidentiality of records for an employee who teleworked.  Mr. Duran also expressed his concern about other employees who might want to telework if the Plaintiff was allowed to telework.

14.    In March of 2014, Plaintiff was informed that the VA reasonable accommodation process was being reorganized and that as of May 1, 2014, the VA was starting a "new program."  Therefore, no decision was being made on Plaintiff's November 2013 reasonable accommodation request, before the reorganization of the reasonable accommodation process on May 1, 2014.

15.     After the May 1, 2014 reorganization, Plaintiff was not contacted again until Mr. Duran contacted her on July 2, 2014, to advise her "he's been very busy and that they were hurrying to make a determination."  At that time Mr. Duran had requested a copy of Plaintiff's Position Description.   Plaintiff provided the requested copy of her Position description and a work proposal.

16.    Plaintiff followed up with Mr. Duran on September 5, 2014, and on September 8, 2014, she received the cart she requested in November 2013, as part of her reasonable accommodation.

17.     On December 2, 2014, Mr. Duran phoned the Plaintiff to advise her he denied her request for telework as a reasonable accommodation. The justification for this denial was her job did not permit her to work from home because she worked with medical files.  She was not offered an alternative accommodation at this time.

18.     On December 18, 2014, Mr. Cockrell contacted Plaintiff and told her that the VA had 90  days to work with her to try to reassign her, and Plaintiff signed the form indicating her agreement to a reassignment on this same date. She forwarded the signed form to Mr. Cockrell on December 22, 2014.

19.     Plaintiff agreed to an alternative accommodation of reassignment but continued to discuss the telework option with Mr. Cockrell.  He responded that he was still trying to get Mr. Duran to make a determination for Plaintiff's continuing and ongoing request to telework.

20.     On January 13, 2015, Mr. Cockrell contacted the Plaintiff to discuss what GS-13 positions she might be interested in for reassignment. She expressed her interest in other GS-13 positions and gave Mr. Cockrell a job announcement for a position that she was interested in and her resume.  She followed up with Mr. Cockrell but he did not have any updates for her. Because of the lack of progress from the Reasonable Accommodation Process, Plaintiff began applying for positions on her own.

21.     On February 24, 2015, Mr. Cockrell notified the Plaintiff she was found not qualified for a GS-13 position they had discussed in January 2015.  After that, March 26, 2015, was the last time the Plaintiff had any contact with Mr. Cockrell.

22.     On April 6, 2015, Plaintiff learned she needed heart surgery and she spent

the months of April and May prepping for her surgery. When Plaintiff found out she needed this surgery she filed her EEO complaint.  Plaintiff had surgery on May 27, 2015, and was out of the office for the next 3 months.

23.     Plaintiff returned to the office on August 31, 2015, and found that despite her agreement to a transfer, she still had not been reassigned. The day Plaintiff returned to the office, she submitted a request to Ms. Lisa Brown for assignment to a detail she saw advertised. However, Mr. Duran denied her request to serve on a detail.  When she pressed Duran about this denial and the status of her pending request for reasonable accommodation, Mr Duran told her he was unable to approve her request for accommodation.

## STATEMENT OF CLAIM

24.     Defendant violated the Rehabilitation Act by failing to accomodate Plaintiff's known physical disabilities.

23.     As a direct and proximate result of Defendant's failure to accomodate Plaintiff's disablties,  plaintiff has experienced and continues to experience pain, suffering, and mental anguish, her medical condition has deteriorated and she has experienced a reduction in career advancement opportunities and a loss of earnings.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against defendant on the claims of unlawful discrimination in violation of the Rehabilitation Act, and provide her with the following relief:

(a)     award Plaintiff compensatory damages against Defendant in the amount of $300,000.00, plus interest thereon;

(b)      order Defendant to immediately place Plaintiff in a position comparable to the one she now hold with the opportunity to telework;

(c)      enjoin Defendant from futher discriminating against Plaintiff;

(e)      award Plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees; and

(f)      award Plaintiff such other and further relief as the interests of justice may require.


## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.


Respectfully submitted,


Richard L. Swick
D.C. Bar No. 936930
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel (202) 842-0300
Fax (202) 842-1418
Email - rlswick@swickandshapiro.com

Attorney for Plaintiff